**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeremiah DiCapua, Appellant.

Appellate Case No. 2021-000570

———————

Appeal From Georgetown County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-401
Heard November 7, 2023 – Filed December 13, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Jeremiah DiCapua appeals his conviction for attempted kidnapping and sentence of thirty years' imprisonment. On appeal, DiCapua argues the trial court erred by allowing an in-court identification after ruling that

the show-up identification was unnecessarily suggestive.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by allowing the in-court identification because although the show-up was unnecessary and suggestive, the totality of the circumstances showed the out-of-court identification was so reliable that no substantial likelihood of misidentification existed.  *See State v. Brown*, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003) ("Generally, the decision to admit an eyewitness identification is in the trial [court's] discretion and will not be disturbed on appeal absent an abuse of discretion, or the commission of prejudicial legal error."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *State v. Moore*, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."); *id*. at 287, 540 S.E.2d at 447 (stating courts engage in the two-prong inquiry set forth in *Neil v. Biggers*[1] to determine whether an out-of-court identification is admissible); *Traylor*, 360 S.C. at 81, 600 S.E.2d at 526 (stating a trial court must first "ascertain whether the identification process was unduly suggestive"); *State v. Wyatt*, 421 S.C. 306, 310, 806 S.E.2d 708, 710 (2017) ("First, the court must determine whether the identification resulted from 'unnecessarily suggestive' police identification procedures."); *id*. ("If the court finds the police procedures were not suggestive, or that suggestive procedures were necessary under the circumstances, the inquiry ends there and the court need not consider the second prong."); *id*. at 311, 806 S.E.2d at 710 ("If, however, the court determines the procedures were both suggestive and unnecessary, the court must then determine 'whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed.'" (quoting *State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 426 (2012))); *State v. Mansfield*, 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct. App. 2000) ("Reliability is the linchpin in determining the admissibility of identification testimony."); *State v. Spears*, 393 S.C. 466, 480, 713 S.E.2d 324, 331 (Ct. App. 2011) ("The following factors are to be considered in evaluating the totality of the circumstances when determining the likelihood of misidentification: (1) the witness's opportunity to view the perpetrator at the time

---

[1] 409 U.S. 188 (1972).

of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.").

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**